AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*July 09, 2026*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. **4:26-mj-453** |
| CARMELO SOTO-PEREZ ) | |
| aka ) | |
| JOSE REFUGIO ZUNIGA-FRAUSTO ) | |
| ANTOLIN MARTINEZ-SANCHEZ ) | |
| ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 6, 2026 _____ in the county of _____ Harris _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Harris County, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

❐ Continued on the attached sheet.

*J. Taylor*
Complainant's signature

Jonathan M. Taylor, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____ 07/09/2026 _____

*Richard W. Bennett*
Judge's signature

City and state: _____ Houston, Texas _____

Hon. Richard W. Bennett, United States Magistrate
*Printed name and title*
Judge

**4:26-mj-453**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jonathan M. Taylor, being duly sworn by telephone, hereby depose and say:

(1)    I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since November 24, 2025. My law-enforcement career began February 22, 2005, as an Atlanta Police Officer. On March 30, 2009, I began federal employment with the U.S. Border Patrol, as a Border Patrol Agent.  April 7, 2014, I began employment with U.S. Customs and Border Protection, as a Customs and Border Protection Officer. I currently have over 16 years of immigration law enforcement experience.

(2)    On July 6, 2026, Carmelo SOTO-PEREZ ("Defendant") was detained by ICE.  The Defendant is also known as or has used the alias of JOSE REFUGIO ZUNIGA-FRAUSTO and ANTOLIN MARTINEZ-SANCHEZ. On July 8, 2026, a determination was made that the Defendant was amendable to prosecution, by ICE.

(3)    The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases.  According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)    Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) (b).

(5)    Element One:  The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)    Element Two:  The Defendant has previously been deported or removed from the United States on the following occasion(s):
   a.  08/28/1999
   b.  08/26/2003
   c.  05/12/2006
   d.  11/14/2011
   e.  02/07/2023

(7)    <u>Element Three</u>:  After deportation, the Defendant was subsequently found in the United States on July 6, 2026, at Splendora, Texas which is within the Southern District of Texas. Specifically, the Defendant was found in Montgomery County, which is in within the Houston or Galveston Division of the Southern District of Texas.  Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph.  On July 8, 2026, the LESC advised me that it had no record of such an encounter.

(8)    <u>Element Four</u>:  The Defendant did not have permission to reenter the United States. On July 8, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)    <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

    a) On May 5, 2006, the Defendant was found guilty in the Western District of Texas, for the offense of Illegal re-entry under case number: 3:06-cr-00006-KC. For this offense, 3rd Degree Felony, the Defendant, was sentenced to 2 years confinement.

    b) On August 28, 2020, the Defendant was found guilty in the Southern District of Texas, for the offense of Illegal re-entry under case number: 4:20-cr-00065.  For this offense, a Felony, the Defendant, was sentenced to time served.

    c) On March 9, 1995, the Defendant was found guilty in the County Criminal Court of Law NO 3, in Harris County, Texas, for the offense of Carrying a Weapon under case number: 9446791. For this offense, a Misdemeanor, the Defendant, was sentenced to 90 days confinement.

    d) On September 16, 1994, the Defendant was found guilty in the County Criminal Court of Law NO 6, in Harris County, Texas, for the offense of Carrying a Weapon under case number: 9400287.  For this offense, a Misdemeanor, the Defendant, was sentenced to 10 days confinement.

    e) On November 1, 2011, the Defendant was found guilty in the Criminal Court of Law NO 4, in Haris County, Texas, for the offense of Assault-Family Violence under case number: 178839501010.  For this offense, a Class A Misdemeanor, the Defendant was sentenced to 20 days confinement.

    f) On October 9, 2018, the Defendant was found guilty in the 263rd District Court, in Harris County, Texas, for this offense of Evading Arrest/Detention w/ Vehicle under case number 157996701010.  For this offense, a 3rd Degree Felony, the Defendant was sentenced to 2 years confinement in the Texas Department of Criminal Justice (TDCJ).

g)    On October 12, 2018, the Defendant was found guilty in the County Criminal Court of Law NO 4, in Harris County, Texas, for the offense of Driving While Intoxicated under case number 219011301010.  For this offense, a Class B Misdemeanor, the Defendant, was sentenced to 180 days confinement.

(10)    On July 8, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, which accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a)(b).

_____ *J.M. Taylor* _____

Jonathan M. Taylor, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me on this 9th day of July 2026, and I find probable cause.

_____

Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas